IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 SEP 10 PM 3: 39

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____

Christopher Eric Bates
_____

12005 Rousby Hall Road
_____

Lusby, Maryland 20657
_____
(Full name and address of the plaintiff)

v.

Civil Action No. __GJH 15 CV 2678__
(Leave blank. To be filled in by Court.)

Ruby Tuesday, Inc.
_____

150 West Church Avenue
_____

Maryville, Tennessee 37801
_____

_____
(Full name and address of the defendant(s))

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff is a resident of Calvert County, Maryland _____.
   (Fill in county or city and state of residence)
2. Defendant(s) reside(s) or does business at the following location:_____

815 North Prince Frederick Blvd. Prince Frederick, Maryland 20678 _____.

3. This action is brought pursuant to (check all spaces that apply):

   ☐ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin.

   ☐ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age. My year of birth is: _____.

Complaint: Employment Discrimination (Rev. 6/2000)

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

☑ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

4. I am complaining about (check all that apply):

☐ Failure to hire me. I was refused a job on the following date: _____

☑ Termination of my employment. I was terminated from my employment on the following date: August 27, 2014

☐ Failure to promote me. I was refused a promotion on the following date: _____

☐ Other (explain what happened): _____

5. The conduct of Defendant(s) was discriminatory because it was based on (check all that apply):

☐ race   ☐ color   ☐ religion   ☐ sex   ☐ age   ☐ national origin   ☑ disability

6. The facts of my claim are: _____

(See Attachment)

1. On August 27, 2014 The Plaintiff was terminated from employment from the defendant. The basis of the termination was that the Plaintiff was a registered sex offender and a liability to the company. This was brought to the defendant's attention after receiving a completed back ground check from the plaintiff. On November 13, 2014 the Plaintiff filed a complaint with the EEOC, Baltimore field office; based upon discrimination of employment. Plaintiff also stated in the complaint that due to his disability the defendant violated the Americans with Disabilities Act Amendments Act of 2008. On June 25, 2015, the Plaintiff received a Dismissal and Notice of Rights Letter from the EEOC, Baltimore field office. Attached to this complaint is a copy of the Notice of Rights Letter for the court records.

2. In May of 2010, The Plaintiff approached Adam Hampshire General Manager of the Prince Frederick Ruby Tuesday. He was the General Manager from 2010 to 2014. He hired the Plaintiff as a cook and the Plaintiff proceeded to move up while working there in that time frame. The Plaintiff did receive at least two raises from Mr. Hampshire and an excellent evaluation. Mr. Hampshire promoted the Plaintiff to back of the house shift leader in on or about 2012. Mr. Hampshire's supervisor at the time was Mr. Kevin Hunsbuger. He was also told by Mr. Hampshire about the Plaintiffs conviction from September 1997. At this point no one inside the Defendants upper management ever approach the plaintiff about a back ground check and or to terminate Plaintiff.

3.  Mr. Hampshire was aware of the Plaintiffs conviction and aware of the Plaintiffs mental condition (OCD) at the time of employment. Sometime in 2013 Mr. Hunsburger left the company. After a few months a new district manager was assigned to Mr. Hampshire. During this time the Plaintiff was still a back of the house shift leader and a cook at the same time. Mr. David Strong was appointed by Mr. Robert Prunty vice president of operations Baltimore/Washington area; to be the new district manager for the Prince Frederick Ruby Tuesday.

4.  During a visit from Mr. Strong and Mr. Prunty; the Plaintiff was on his regular scheduled duties as a back of the house shift leader. Mr. Strong and Mr. Prunty both approached Mr. Hampshire and proceeded to ask about the Plaintiffs performance and to see if he could be moved into management. Mr. Hampshire at that point told them about his conviction from September 1997 and that he wouldn't be able to move up in the company. Later on Mr. Hampshire told the Plaintiff about the conversation he had with Mr. Strong and Mr. Prunty. Still at this point nothing was said to the Plaintiff about proceeding with a background check and or termination from employment.

5. On or about June of 2014 Mr. Hampshire left the company to seek other employment. A new General Manager was assigned to the unit. Mr. Adam McComas. The Plaintiff believes that Mr. McComas was aware of the Plaintiffs conviction; but nothing was addressed from Mr. McComas at the time. In July of 2014, Mr. McComas approached the Plaintiff and told him that Mr. Strong wanted the Plaintiff to complete and send him a background check form. The Plaintiff states that he became very nervous about this and asked several questions to Mr. McComas. Mr. McComas reassured him that Mr. Strong was going to handle it. A few weeks later Mr. McComas asked the Plaintiff to complete another background check form because Mr. Strong was coming in and needed to get another one to corporate to start the process. The Plaintiff found this to be odd, but did what he was told by his superiors.

6. On August 27, 2014 Mr. David Strong and Mr. Robert Prunty came into the unit. The Plaintiff was than approached by Mr. McComas and was told that Mr. Strong wanted to speak to him. The Plaintiff sought out Mr. Strong who was standing out back near the dumpster area along with his supervisor Mr. Prunty. Mr. Strong started the conversation. He proceeded to inform the Plaintiff that since the Plaintiff was on the Maryland Sex Offender Registry that and in quotes his words "We are going to part ways". And also in quotes his words "Because you are a liability to the company." Mr. Strong also proceeded to inform the Plaintiff that the Defendant wasn't going to go against the Plaintiffs claims for unemployment insurance.

7. The Plaintiff feels that this court has full jurisdiction based upon the facts in this complaint and the following legal basis. Plaintiffs Civil Liberties where violated. The Plaintiffs' disability was violated under the ADA Act of 1990. The Defendant used false statements to the State of Maryland under the Department of Labor, Licensing, and Regulation. The Plaintiff furthermore states that the State of Maryland under the Department of Public Safety and Correctional Services, in the Maryland Sex Offender Website states a warning of anyone who attempts to use this information to unlawfully injure, harass, or commit a crime against any individual named in the registry working at any reported address. Such action could result in civil or criminal penalties.

8. The Plaintiff basis of these claims in the body of the complaint are this. The Plaintiff states that if he was a true liability than why the defendant would hire him not once but twice. Also in the Plaintiffs rebuttal to the EEOC; The Plaintiff states that during his time working at the Prince Frederick unit; the defendant hired individuals from the Calvert County Detention Centers Pre-Release Unit. They hired several individuals from the Pre-Release Unit. This would negate Mr. Strong's statement that the Plaintiff was a liability to the company. Furthermore, during the Plaintiffs working at the unit they did in fact hire a convicted sex offender from the Pre-Release Unit. A total of two individuals where hired. The other individual was an outside hire. The Defendant states in their letter to the EEOC that they take a zero tolerance to hiring sex offenders. Attached are public documents of the two individuals. Also in the Defendants letter to the EEOC they state only names that they have dismissed from employment that where like the Plaintiff. This shows no proof, just a list of names whereas the Plaintiff his showing knowing facts of others that where hired that had a same status or conviction like the Plaintiff.

9. Mr. Strong and Mr. Prunty the Defendants upper management knowing previously full well of Plaintiffs conviction; before having the Plaintiff fill out a background check form and was aware of not being able to move the Plaintiff up into management. Attached is Exhibit "A" a letter from Mr. Hampshire. This violates the Plaintiffs Civil Liberties and furthermore violates the rules from the Maryland Sex Offender Registry under harassment of the Plaintiff from both Mr. Strong and Mr. Prunty; The Defendants employed upper management . This has caused The Plaintiff to undergo undue stress and severe financial difficulties.

10. The Plaintiff has been offender free for some 18 years now. The Plaintiff has sought out therapy for his OCD and also states that he has learning disabilities. Attached is Exhibit "B" a letter from Plaintiffs therapist of such diagnosis. Also that Plaintiff during his interview with Mr. Hampshire told him of his conviction and mental status. Three federal laws protect the rights of people with disabilities, which can include people with learning and attention issues. These laws are the Americans with Disabilities Act (ADA), the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act. Two out of Three which the Plaintiff feels that the defendant violated.

11. The Plaintiff wherefore asks the court to grant such relief as maybe appropriate. To include but not limited, to have both parties seek mediation and come to an agreeable census of compensated relief. Or if agreement is not met than Plaintiff humbly asks the court to grant such relief in monetary damages in the amount stated in the body of the complaint. The Plaintiff also asks the court to consider the amount of monetary damages listed in the body of the complaint to be negotiable and or based on the facts of the case. Whichever the court deems appropriate.

_____

_____

_____

_____

_____

_____

7. The approximate number of people employed by Defendant is: 500+_____

8. The events I am complaining about took place on the following dates or time period: June 2014 - August 2014_____.

9. I filed charges on the following date: November 13, 2014_____ with:

☑ Equal Employment Opportunity Commission (EEOC)

☐ Maryland Human Relations Commission

☐ Other (give name of agency and location):_____

_____

10. I received a right to sue letter (attach copy) on the following date:_____

June 25, 2015_____.

WHEREFORE, Plaintiff asks the Court to grant such relief as may be appropriate, including but not limited to (check all that apply):

☐ Injunctive relief (specify what you want the Court to order):_____

_____

_____

☐ Back pay.

☐ Reinstatement to my former position.

Complaint: Employment Discrimination (Rev. 6/2000)                                         3

☑ Monetary damages in the amount of: $6,300,000.00

☐ Costs and attorneys fees.

☐ Other (specify): _____

_____9-10-15_____
(Date)

_____(signature)_____
(Signature)

Christopher Eric Bates

12005 Rousby Hall Road

Lusby, Maryland 20657

(410)231-4607
(Printed name, address and phone number of Plaintiff)